# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JIM CHAPMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>   v.<br><br>FENNEC PHARMACEUTICALS INC., ROSTISLAV RAYKOV, ROBERT ANDRADE, CHRIS A. RALLIS, MARCO BRUGHERA, ADRIAN J. HAIGH, KHALID ISLAM, and JODI COOK,<br><br>                Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE**<br><br>Case 1:20-cv-00812-LCB-JLW<br><br>Judge Loretta Copeland Biggs<br>Magistrate Judge Joe L. Webster<br><br>ORAL ARGUMENT REQUESTED |

# TABLE OF CONTENTS

**Page**

NATURE OF THE CASE ................................................................................................ 1

QUESTIONS PRESENTED .............................................................................................2

STATEMENT OF ALLEGED FACTS ............................................................................2

ARGUMENT....................................................................................................................2

I.     THE COURT SHOULD CONSIDER DOCUMENTS INCORPORATED BY
REFERENCE INTO THE COMPLAINT AND INTEGRAL TO ITS CLAIMS ... 2

II.    THIS COURT SHOULD TAKE JUDICIAL NOTICE OF CERTAIN
ADDITIONAL DOCUMENTS ...................................................................................5

    A.    SEC Filings Are Judicially Noticeable............................................................. 5

    B.    Government Webpages Are Judicially Noticeable ....................................... 6

    C.    Government Manuals Are Judicially Noticeable ......................................... 7

CONCLUSION ................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Brennan v. Deluxe Corp.*,
    361 F. Supp. 3d 494 (D. Md. 2019) .................................................................... 7

*Daniels–Hall v. Nat'l Educ. Ass'n*,
    629 F.3d 992 (9th Cir. 2010) ............................................................................... 6

*Gerritsen v. Warner Bros. Entm't Inc.*,
    112 F. Supp. 3d 1011 (C.D. Cal. 2015) .............................................................. 6

*Greenhouse v. MCG Capital Corp.*,
    392 F.3d 650 (4th Cir. 2004) ............................................................................... 3

*Hirtenstein v. Cempra, Inc.*,
    348 F. Supp. 3d 530 (M.D.N.C. 2018) .............................................................. 5

*In re First Union Corp. Sec. Litig.*,
    128 F. Supp. 2d 871 (W.D.N.C. 2001) .............................................................. 5

*In re PEC Sol., Inc. Sec. Litig.*,
    418 F.3d 379 (4th Cir. 2005) ............................................................................... 3

*Iron Workers Local 16 Pension Fund v. Hilb Rogal & Hobbs Co.*,
    432 F. Supp. 2d 571 (E.D. Va. 2006) ................................................................ 3

*Janies v. Cempra, Inc.*,
    816 F. App'x 747 (4th Cir. 2020) ...................................................................... 5

*Kramer v. Time Warner, Inc.*,
    937 F.2d 767 (2d Cir. 1991) ............................................................................... 6

*Phillips v. LCI Int'l, Inc.*,
    190 F.3d 609 (4th Cir.1999) ............................................................................... 5

*Scott & Stringfellow, LLC v. AIG Commercial Equip. Fin., Inc.*,
    No. 3:10CV825-HEH, 2011 WL 1348324 (E.D. Va. Apr. 8, 2011) ................ 5, 6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ........................................................................................ 2, 3

*United States v. DJO Glob., Inc.*,
    678 F. App'x 594 (9th Cir. 2017) ...................................................................... 7

*United States v. Garcia*, No. 3:15-cr-00040-MOC,
    2015 WL 5737908 (W.D.N.C. Sept. 30, 2015), ............................................... 7

Case 1:20-cv-00812-LCB-JLW    Document 44    Filed 03/03/21    Page 3 of 14

*United States v. Garcia*,
    855 F.3d 615 (4th Cir. 2017) .................................................................................. 6

*U.S., ex rel. Modglin v. DJO Glob. Inc.*,
    114 F. Supp. 3d 993 (C.D. Cal. 2015) ..................................................................... 7

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) .................................................................................. 3

## RULES & STATUTES

FED. R. CIV. P. 9(b) ............................................................................................... 1, 3

FED. R. CIV. P. 12(b)(6) ......................................................................................... 1, 3

FED. R. EVID. 201 ............................................................................................. 1, 2, 5

15 U.S.C. § 78u-4(b) ................................................................................................. 1

iii

Defendants Fennec Pharmaceuticals Inc. ("Fennec"), Rostislav Raykov, Robert Andrade, Chris A. Rallis, Marco Brughera, Adrian J. Haigh, Khalid Islam, and Jodi Cook (collectively, "Defendants") submit this memorandum of law in support of their Request for Judicial Notice and Consideration of Documents Incorporated by Reference in Consolidated Amended Complaint. Pursuant to Federal Rule of Evidence 201 and decisional law, Defendants request that the Court consider the exhibits attached to the Declaration of John C. Roberts Jr. in Support of their Motion to Dismiss Amended Consolidated Complaint ("Roberts Declaration"), submitted concurrently herewith, in connection with their Motion to Dismiss Amended Consolidated Complaint ("Motion to Dismiss"), also submitted herewith.

## NATURE OF THE CASE

Lead Plaintiff Daniel Malakoti filed a Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint"), ECF No. 30. Defendants have moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b), on the grounds that, among other things, the Complaint fails to sufficiently plead particularity and a strong inference of scienter and thus fails to state a claim upon which relief may be granted. Defendants filed the Roberts Declaration in support of their Motion to Dismiss, attaching 15 exhibits that Defendants consider to be incorporated by reference into the Complaint and/or judicially noticeable.

1

## QUESTIONS PRESENTED

1. Whether documents incorporated by reference in the Complaint are proper subjects for consideration in connection with Defendants' Motion to Dismiss;

2. Whether documents that, although not relied upon in the Complaint, are nevertheless judicially noticeable pursuant to Rule 201 of the Federal Rules of Evidence, and proper subjects for consideration in connection with Defendants' Motion to Dismiss.

## STATEMENT OF ALLEGED FACTS

Defendants rely on the Statement of Alleged Facts contained in their Memorandum of Law in Support of Motion to Dismiss Consolidated Amended Complaint, submitted concurrently herewith.

## ARGUMENT

## I. THE COURT SHOULD CONSIDER DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT AND INTEGRAL TO ITS CLAIMS

Defendants ask that this Court consider documents explicitly referenced in the Complaint—documents that contain the challenged statements, and documents that are hyperlinked in the Complaint. In all cases, Defendants present them to provide the full context of those statements and documents. Under the incorporation by reference doctrine, a court may consider extrinsic documents that have been incorporated by reference into the pleadings on a motion to dismiss without converting the motion into a motion for summary judgment. *See Tellabs*, *Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts

2

ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Greenhouse v. MCG Capital Corp.*, 392 F.3d 650, 656 (4th Cir. 2004) ("[A] court ruling on a 12(b)(6) motion may look to 'documents or articles cited in the complaint . . . .'") (citation omitted); *In re PEC Sol., Inc. Sec. Litig.*, 418 F.3d 379, 387 n.7 (4th Cir. 2005) (court is "not strictly limited to the four corners of the complaint"); *Iron Workers Local 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F. Supp. 2d 571, 577 (E.D. Va. 2006) ("A court may consider any document that is explicitly relied upon in the complaint.").  The incorporation by reference doctrine also allows a court to consider the full text of a document that the complaint quotes or references only in part, *see PEC Sol., Inc.*, 418 F.3d at 388 n.7, and to "assume that [the document's] contents are true" for purposes of a motion to dismiss, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Accordingly, Defendants request that the Court consider with their motion to dismiss the following documents, all of which are incorporated by reference in the Complaint:

**Exhibit 4**, excerpts of the Form 10-K for fiscal year 2019 filed by Fennec with the Securities and Exchange Commission ("SEC") on February 14, 2020 (incorporated into Complaint at ¶¶130-134);

**Exhibit 5**, excerpts of the Form 10-K for fiscal year 2018 filed by Fennec with the SEC on March 15, 2019 (incorporated into Complaint at ¶¶115-119);

**Exhibit 6**, excerpts of the Form 10-K for fiscal year 2017 filed by Fennec with the SEC on March 28, 2018 (incorporated into the Complaint at ¶¶4, 5, 70, 78, 81, 111-112

3

(referencing December 20, 2018 press release that directs investors to Fennec's Form 10-K for fiscal year 2017, *see* Exhibit 10 at 2));

**Exhibit 7**, press release issued by Fennec on March 13, 2019 (incorporated into the Complaint at ¶¶6, 7, 85, 113-114, 143, 144);

**Exhibit 8**, press release issued by Fennec on April 13, 2020 (incorporated into the Complaint at ¶¶96, 135-136);

**Exhibit 9**, press release issued by Fennec on August 11, 2020 (incorporated into the Complaint at ¶¶9, 100, 143, 146);

**Exhibit 10**, press release issued by Fennec on December 20, 2018 (incorporated into the Complaint at ¶¶4, 5, 70, 78, 81, 111-112);

**Exhibit 11**, press release issued by Fennec on August 9, 2019 (incorporated into the Complaint at ¶¶7, 122-123);

**Exhibit 12**, press release issued by Fennec on May 14, 2020 (incorporated into the Complaint at ¶¶7, 137-138);

**Exhibit 13**, press release issued by Fennec on August 5, 2020 (incorporated into the Complaint at ¶¶139-140);

**Exhibit 14**, March 13, 2019 article by Deniel Mero on PropThink entitled "Fennec Delays NDA Due To Manufacturing Facility Change" (incorporated into the Complaint at ¶¶79 n.27, 83 n.30);

4

**Exhibit 15,** Cambrex webpage for the Durham facility *available at*

https://www.cambrex.com/facilities/durham-nc-usa/ (incorporated into the Complaint at

¶83 n.29).

## II.     THIS COURT SHOULD TAKE JUDICIAL NOTICE OF CERTAIN ADDITIONAL DOCUMENTS

Courts may take judicial notice of information "not subject to reasonable dispute

because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can

be accurately and readily determined from sources whose accuracy cannot reasonably be

questioned." FED. R. EVID. 201(b).  Because Exhibits 1, 2, 3 and 6 are not subject to

reasonable dispute, Defendants respectfully request the Court consider these Exhibits with

their Motion to Dismiss.

### A.     SEC Filings Are Judicially Noticeable

In securities fraud causes, courts will "examine the other information that was

publicly available to reasonable investors at the time the defendant made statements

plaintiffs alleged were fraudulent," such as "SEC filings, press releases, . . . and other

material on which plaintiff's allegations necessarily rely." *In re First Union Corp. Sec.*

*Litig.*, 128 F. Supp. 2d 871, 883 (W.D.N.C. 2001) (quotation omitted) (citing *Phillips v.*

*LCI Int'l, Inc.*, 190 F.3d 609, 617 (4th Cir.1999)).  It is appropriate to consider SEC filings

on a motion to dismiss.  *Hirtenstein v. Cempra, Inc.*, 348 F. Supp. 3d 530, 550 (M.D.N.C.

2018) (taking judicial notice of Form 8-K filed with the SEC) *aff'd sub nom. Janies v.*

*Cempra, Inc.*, 816 F. App'x 747 (4th Cir. 2020); *Scott & Stringfellow, LLC v. AIG*

*Commercial Equip. Fin., Inc.*, No. 3:10CV825-HEH, 2011 WL 1348324, at *6 n.3 (E.D. Va. Apr. 8, 2011) (taking judicial notice of Form 10-K filed with the SEC); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (finding it "highly impractical and inconsistent with Rule 201 to preclude a district court from considering" SEC filings bearing on the alleged misstatements). Accordingly, Defendants request that the Court take judicial notice of the following document:

**Exhibit 6**, excerpts of the Form 10-K for fiscal year 2017 filed by Fennec with the SEC on March 28, 2018.

**B.** **Government Webpages Are Judicially Noticeable**

Webpages of government agencies are also proper subjects of judicial notice because such webpages are "[p]ublic records and government documents available from reliable sources on the Internet[.]" *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (taking judicial notice of California Secretary of State website) (citation omitted); *United States v. Garcia*, 855 F.3d 615, 622 (4th Cir. 2017) (affirming district court, finding it was "well within its discretion when it took judicial notice of the facts contained on the government website"); *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of information on the websites of two school districts because they were government entities). Accordingly, Defendants request that the Court take judicial notice of the following documents:

**Exhibit 1**, U.S. government webpage entitled FDA.gov, Inspection Observations, *available at* https://www.fda.gov/inspections-compliance-enforcement-and-criminal-

investigations/inspection-references/inspection-observations, including the first page of the "FY 2020 Excel File," which is found under the heading "Download Inspectional Observation Data Sets" near the bottom of that webpage (last visited March 1, 2021);

**Exhibit 2**, U.S. government webpage entitled FDA.gov, FDA Form 483 Frequently Asked Questions, *available at* https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/inspection-references/fda-form-483-frequently-asked-questions (last visited March 1, 2021).

## C.    Government Manuals Are Judicially Noticeable

Agency manuals published by the government are also proper subjects of judicial notice. *See United States v. Garcia*, No. 3:15-cr-00040-MOC, 2015 WL 5737908, at *3 (W.D.N.C. Sept. 30, 2015) (taking judicial notice of USCIS Policy Manual), *aff'd*, 855 F.3d 615 (4th Cir. 2017); *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 502 (D. Md. 2019) (taking judicial notice of EEOC Compliance Manual); *U.S., ex rel. Modglin v. DJO Glob. Inc.*, 114 F. Supp. 3d 993, 1001 (C.D. Cal. 2015) (taking judicial notice of Medicare Program Integrity Manual available on government website) *aff'd sub nom*. *United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017).  Accordingly, Defendants request that the Court take judicial notice of the following document:

**Exhibit 3**, excerpts of Chapter 5 of the FDA Investigations Operations Manual (2021) on Establishment Inspections, *available at* https://www.fda.gov/media/76769/download (last visited March 1, 2021).

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court consider Exhibits 1-15 in connection with Defendants' Motion to Dismiss.

Respectfully submitted this 3rd day of March 2021.

**WYRICK ROBBINS YATES & PONTON LLP**

By: /s/ Lee M. Whitman
     Lee M. Whitman (N.C. Bar No. 20193)
     Samuel A. Slater (N.C. Bar No. 43212)
     lwhitman@wyrick.com
     sslater@wyrick.com
     4101 Lake Boone Trail, Suite 300
     Raleigh, North Carolina 27607
     Telephone: (919) 781-4000
     Facsimile: (919) 781-4865

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

By: /s/ Gregory L. Watts
     Gregory L. Watts (WA Bar No. 43995)
     John C. Roberts Jr. (WA Bar No. 44945)
     Tyre L. Tindall (WA Bar No. 56357)
     gwatts@wsgr.com
     jroberts@wsgr.com
     ttindall@wsgr.com
     701 Fifth Avenue, Suite 5100
     Seattle, Washington 98104-7036
     Telephone: (206) 883-2500
     Facsimile: (206) 883-2699

     *Attorneys for Defendants Fennec Pharmaceuticals Inc., Rostislav Raykov, Robert Andrade, Chris A. Rallis, Marco Brughera, Adrian J. Haigh, Khalid Islam, and Jodi Cook*

8

## CERTIFICATE OF COMPLIANCE

Defendants, by and through the undersigned counsel, certify that this Memorandum complies with the word-count limit in LR 7.3(d)(1). The word count of the Memorandum is 1,630 words.

This 3rd day of March 2021.

WILSON SONSINI GOODRICH & ROSATI, P.C.

/s/ Gregory L. Watts
Gregory L. Watts (WA Bar No. 43995)
gwatts@wsgr.com
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 883-2500
Facsimile: (206) 883-2699

*Attorney for Defendants Fennec Pharmaceuticals Inc., Rostislav Raykov, Robert Andrade, Chris A. Rallis, Marco Brughera, Adrian J. Haigh, Khalid Islam, and Jodi Cook*

9

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned counsel hereby certifies that on this day a copy of the foregoing

document was filed with the Court's CM/ECF system which served the same on all counsel

of record.

This 3rd day of March 2021.

**WYRICK ROBBINS YATES & PONTON LLP**

By: /s/ Lee M. Whitman
Lee M. Whitman (N.C. Bar No. 20193)
lwhitman@wyrick.com
4101 Lake Boone Trail, Suite 300
Raleigh, North Carolina 27607
Telephone: (919) 781-4000
Facsimile: (919) 781-4865