| | |
|---|---|
| JIM CHAPMAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> FENNEC PHARMACEUTICALS INC., ROSTISLAV RAYKOV, ROBERT ANDRADE, CHRIS A. RALLIS, MARCO BRUGHERA, ADRIAN J. HAIGH, KHALID ISLAM, and JODI COOK, <br><br> Defendants. | Case No. 1:20-cv-00812-UA-JLW <br><br> CLASS ACTION |

**PLAINTIFF'S MOTION REQUESTING CLARIFICATION OF ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Lead Plaintiff Daniel Malakoti ("Plaintiff") respectfully submits this memorandum of law in support of his motion for clarification of the Order and Recommendation of United States Magistrate Judge ("R&R") entered in the above-captioned action on December 16, 2021, by United States Magistrate Judge Joe L. Webster.

## I. PRELIMINARY STATEMENT

The R&R is silent as to whether Judge Webster is recommending dismissal with prejudice or without prejudice with leave to amend. Leave to amend is liberally granted when complaints bringing claims under the PLSRA are dismissed, particularly where, as here, it is the first amended complaint and new facts have been uncovered which support the claims.[1]

Since filing the Amended Complaint, Plaintiff has been able to confirm Fennec's drug product manufacturer. Furthermore, on November 29, 2021, Fennec disclosed that it expected to receive a Complete Response Letter ("CRL") from the FDA based on similar (if not the same) manufacturing deficiencies disclosed by the Company on August 11, 2020. These new facts bolster Plaintiff's claims and provide a reasonable basis for Plaintiff to remedy the deficiencies described in the R&R.

## II. BACKGROUND

On September 3, 2020, Jim Chapman filed the initial Class Action Complaint for Violations of the Federal Securities Laws. [DE 1]. On December 3, 2020, Plaintiff was

---

[1] Although Plaintiff filed an "amended" complaint, it was the first pleading prepared and filed by Plaintiff and his counsel. A separate named plaintiff and his counsel had filed the original complaint, before Plaintiff and Lead Counsel were appointed by the Court, pursuant to the PSLRA.

1

appointed lead plaintiff in this action [DE 25]. Plaintiff then filed a Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws on February 1, 2021 ("Amended Complaint"). [DE 30]. After considering the parties' briefing on Defendants' motion to dismiss the Amended Complaint [DE 40-46], Judge Webster entered his R&R on December 16, 2021. [DE 48].

### III.    ARGUMENT

There is no question that the Court has the power to clarify whether it intended to recommend a dismissal with or without prejudice in the R&O. "The scope of a court's authority under Rule 60(a) to make corrections to an order or judgment is circumscribed by the court's intent when it issued the order or judgment." *Sartin v. McNair Law Firm PA*, 756 F.3d 259, 260 (4th Cir. 2014) (holding that the District Court did not exceed the scope of its authority by clarifying its earlier opinion, where the clarification gave effect to the Court's intent).

In orders granting motions to dismiss in cases brought under the PSLRA, moreover, courts routinely specify that the dismissal is without prejudice and that a plaintiff has a set time period to amend. This practice is common in this Circuit, particularly with regard to the first amended complaint. *See e.g., Matrix Capital Mgt. Fund v. BearingPoint,* 576 F.3d 172 (4th Cir. 2009) (reversing and remanding the district court's dismissal of a securities complaint with prejudice with the instruction to allow plaintiffs to file an amended complaint). This principle holds true in the cases cited in Defendants' Motion to Dismiss. *See e.g., Maguire Fin., LP v. PowerSecure Int'l, Inc*., 876 F.3d 541, 545 (4th Cir. 2017) (noting in the case's prior history that the district court had found that the complaint failed

to adequately plead scienter and "therefore granted leave to amend"); *Teachers' Ret. Sys. Of LA v. Hunter*, 477 F.3d 162, 168 (4th Cir. 2007) (noting in the case's prior history that the district court dismissed the complaint for failure to sufficiently allege scienter and plaintiffs filed an amended complaint); *Ottmann v. Hanger Orthopedic Grp., Inc.,* 353 F.3d 338, 342 (4th Cir. 2003) (noting in the case's prior history that the district court dismissed the amended complaint, expressing "'serious doubts as to whether [Appellants would] be able to meet the threshold requirements for pleading with particularity in a securities class action suit,' but nevertheless granted Appellants an opportunity to amend their complaint" and "gave Appellants specific guidance regarding how to redraft their complaint"); *Phillips v. LCI Int'l, Inc.,* 190 F.3d 609, 613 (4th Cir. 1999) (noting in the case's prior history that the district court dismissed the stockholders' original complaint with leave to amend); *In re Under Armour Sec. Litig.*, 342 F. Supp. 3d 658, 694 (D. Md. 2018) (finding plaintiffs failed to adequately plead securities violations but giving leave to amend); *Ash v. PowerSecure Int'l, Inc.*, 2015 WL 5444741, at \*14 (E.D.N.C. Sept. 15, 2015) (dismissing complaint with leave to amend within 30 days).[2]

---

[2] *See also Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc*., 759 F.3d 1051, 1057 (9th Cir. 2014) (in its prior history, after *two* amendments, the district court dismissed the complaint with prejudice); *In re Rigel Pharms., Inc. Sec. Litig*., 697 F.3d 869, 871 (9th Cir. 2012) (in its prior history, the district court dismissed a first complaint and second amended complaint, and then gave plaintiff leave to amend again); *In re Elan Corp. Sec. Litig*., 543 F.Supp.2d 187, 223 (S.D.N.Y. 2008) (noting that "it is often appropriate for a district court, when granting a motion to dismiss for failure to state a claim, to give the plaintiff leave to file an amended complaint" and permitting plaintiffs to file a motion for leave to amend); *In re Discovery Lab'ys Sec. Litig*., 2006 WL 3227767, at \*16 (E.D. Pa. Nov. 1, 2006) (dismissing complaint with leave to amend within 30 days); *In re Foundry Networks, Inc*., 2002 WL 32354617, at \*9 (N.D. Cal. June 6, 2002) (dismissing Second Amended Complaint and permitting third amendment).

Consistent with this precedent, Plaintiff should be permitted leave to amend. New facts, supporting Plaintiff's claims, have been uncovered. Specifically, after receiving the CRL described in the Amended Complaint, Defendants did not remedy the deficiencies identified therein, and Defendants misled investors about the continuation of those deficiencies. Then, on November 29, 2021, Fennec disclosed that it expected to receive a CRL from the FDA based on similar (if not the same) manufacturing deficiencies at the same manufacturing facility, as previously disclosed by the Company on August 11, 2020. Accordingly, Plaintiff has a good faith basis to amend the Amended Complaint.

## IV.    CONCLUSION

For the reasons above, Plaintiff respectfully requests clarification as to whether Magistrate Judge Webster is recommending dismissal with prejudice or without prejudice with leave to amend.

DATED: December 22, 2021          Respectfully Submitted,

**ROCHE FREEDMAN LLP**

*/s/ Ivy T. Ngo*
Ivy T. Ngo
Velvel (Devin) Freedman
Constantine P. Economides
1 SE 3rd Avenue, Suite 1240
Miami, Florida 33131
Telephone: (305) 971-5943
Email: ceconomides@rochefreedman.com
Email: vel@rochefreedman.com
Email: ingo@rochefreedman.com

*Counsel for Lead Plaintiff Daniel Malakoti and*
*Lead Counsel for the Class*

4

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Jay Chaudhuri
150 Fayetteville Street, Suite 980
Raleigh, NC 27601
Telephone: (919) 890-0560
Email: jchaudhuri@cohenmilstein.com

*Counsel for Lead Plaintiff Daniel Malakoti and Liaison Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac forthcoming*)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Daniel Malakoti*

5