# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JIM CHAPMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  v.<br><br>FENNEC PHARMACEUTICALS INC., ROSTISLAV RAYKOV, ROBERT ANDRADE, CHRIS A. RALLIS, MARCO BRUGHERA, ADRIAN J. HAIGH, KHALID ISLAM, and JODI COOK,<br><br>        Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION REQUESTING CLARIFICATION OF ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**<br><br>Case No. 1:20-cv-00812-LCB-JLW<br><br>Judge Loretta Copeland Biggs<br>Magistrate Judge Joe L. Webster |

Defendants Fennec Pharmaceuticals Inc. ("Fennec"), Rostislav Raykov, Robert Andrade, Chris A. Rallis, Marco Brughera, Adrian J. Haigh, Khalid Islam, and Jodi Cook ("Defendants"), by and through undersigned counsel, respectfully submit this response to Plaintiff's Motion Requesting Clarification of Order and Recommendation of U.S. Magistrate Judge ("Motion" or "Mot."), ECF No. 51.

## INTRODUCTION

On December 16, 2021, this Court recommended dismissal of Plaintiff's Consolidated Amended Class Action Complaint ("Complaint" or "Compl."), ECF No. 30, for failure to plead with particularity the existence of a false or misleading statement or a strong inference of scienter. *See* Order & Recommendation of U.S. Magistrate Judge ("Order and Recommendation" or "O&R"), ECF No. 48 at 21–31. Plaintiff's Motion purports to seek clarification under Federal Rule of Civil Procedure 60(a) as to whether the Court recommended dismissal with or without prejudice, but it quickly morphs into a motion for leave to amend, with Plaintiff arguing for a chance to file a third complaint. *See, e.g.*, Mot. at 3 (requesting "leave to amend"). Contrary to what Plaintiff suggests, dismissal with prejudice and without leave to amend is appropriate here because (a) dismissal with prejudice is presumed; (b) Plaintiff failed to file a proper Rule 15 motion to amend his pleading or attach the requisite proposed amended pleading; and (c) amendment would be futile because Plaintiff's two proposed amendments do not cure the deficiencies identified in the Order and Recommendation. Dismissal with prejudice is warranted.

1

# ARGUMENT

**I.  CLARIFICATION IS NOT REQUIRED BECAUSE DISMISSAL WITH PREJUDICE IS PRESUMED**

Plaintiff's Motion purports to seek clarification as to whether the Court recommended that the Complaint be dismissed with or without prejudice, apparently because the Court did not use the magic words "with prejudice." But dismissal with prejudice is presumed unless otherwise stated. *See United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 241 (1st Cir. 2004) ("[I]n the absence of a clear statement to the contrary, a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is presumed to be with prejudice."), *abrogated on other grounds by United States ex rel. Gagne v. City of Worcester*, 565 F.3d 40 (1st Cir.2009); *Rollins v. Wackenhut Servs.*, 703 F.3d 122, 132–33 (D.C. Cir. 2012) (Kavanaugh, J., concurring) ("Rule 41(b) contemplates that a Rule 12(b)(6) dismissal ordinarily operates as a dismissal with prejudice, unless the district court in its discretion states otherwise."). Since the Court's dismissal recommendation is presumed to be with prejudice, no clarification is required.

**II.  THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PLAINTIFF DID NOT FILE A RULE 15 MOTION OR ATTACH A PROPOSED AMENDED PLEADING**

Plaintiff's attempt to use a Rule 60(a) motion for clarification as a substitute for a Rule 15 motion for leave to amend is improper. Plaintiff is not entitled to amendment as of right and therefore needs leave of court before filing an amended pleading, *see* Fed. R. Civ. P. 15(a)(1), as he implicitly acknowledges. Under Local Rule of Civil Practice 15.1, a party seeking to amend his pleading is required "to file a motion in order to seek leave to

2

amend a pleading" and "attach the proposed amended pleading to the motion." Plaintiff did neither, and this alone justifies dismissal with prejudice and without leave to amend. *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630–31 (4th Cir. 2008) (affirming dismissal with prejudice where plaintiffs failed to file motion or proposed amended pleading); *CNH Am. LLC v. UAW*, 645 F.3d 785, 795 (6th Cir. 2011) ("[I]f a party does not file a motion to amend or a proposed amended complaint, it is not an abuse of discretion for the district court to dismiss the claims with prejudice.").

## III. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE AMENDMENT WOULD BE FUTILE

Even if the Court were to entertain Plaintiff's argument with respect to leave to amend, dismissal with prejudice would still be warranted. Decisions with respect to leave to amend lie "within the sound discretion of the district court." *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Fourth Circuit has counseled that "leave to amend is not to be granted automatically,"[1] *Deasy*, 833 F.2d

---

[1] Plaintiff argues that there are securities cases in which leave to amend has been granted. Mot. at 2–3 & n.2. That is true, but there are also many cases in which it is not, including cases in which dismissal with prejudice was deemed appropriate without a second post-consolidation complaint being filed. *See, e.g.*, *In re Triangle Capital Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) (affirming dismissal of first amended complaint with prejudice); *Cozzarelli*, 549 F.3d at 630 (same); *In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005) (same); *In re Cree, Inc. Sec. Litig.*, 2005 WL 1847004, at *15 (M.D.N.C. Aug. 2, 2005) (dismissing first amended complaint with prejudice), *aff'd sub nom. Teachers' Ret. Sys. of LA v. Hunter*, 477 F.3d 162 (4th Cir. 2007); *Shah v. GenVec, Inc.*, 2013 WL 5348133, at *15 (D. Md. Sept. 20, 2013) (same); *Gaer v. Am. Pub. Educ., Inc.*, 895 F. Supp. 2d 763, 793 (N.D.W. Va. 2011) (same); *Iron Workers Loc. 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F. Supp. 2d 571, 595 (E.D. Va. 2006) (same).

3

at 40, and granting leave to amend "until [plaintiffs] get it right" runs contrary to the purpose of the Private Securities Litigation Reform Act of 1995, *see Gaer*, 895 F. Supp. 2d at 793. Thus, leave to amend may be denied when "amendment would be futile," *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)), as when the proposed amended complaint would "still fail to survive a motion to dismiss," *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995), or "satisfy the requirements of the federal rules," *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). The result in any given case hinges on the proposed amendments and their ability to rectify the deficiencies identified in the pleading. Plaintiff's proposed amendments cannot salvage his deficient Complaint.

Plaintiff's Motion identifies two proposed amendments here: the name of Fennec's drug product manufacturer, and the fact that Fennec disclosed on November 29, 2021 that it expects to receive another complete response letter from the FDA. Mot. at 1, 4. Neither allegation cures the extensive deficiencies identified in the Order and Recommendation.

With respect to the proposed amendment to identify the name of Fennec's drug product manufacturer, that allegation does not save any of Plaintiff's falsity claims because the Court found that the challenged statements triggered no duty to disclose, O&R at 22–23, and that "[e]ven if Fennec had known about issues with Fennec's **product** manufacturer, Fennec's positive statements about its **substance** manufacturer d[id] not require Fennec to disclose bad facts about Fennec's product manufacturer." O&R at 24

4

(emphasis added). The proposed amendment does nothing to change this, nor does it do anything to bolster the alleged falsity of Fennec's risk factors, O&R at 25–26, as the Court recommended dismissal there on the grounds that Plaintiff had not adequately alleged that the relevant risks had materialized by March 15, 2019 and February 14, 2020, O&R at 26, something that subsequent events do not change. Nor does the proposed amendment make phrases like "progress" or "significant milestone" any less vague. O&R at 23, 26–27; *see also Ind. Pub. Ret. Sys. v. SAIC, Inc.*, 818 F.3d 85, 97–98 (2d Cir. 2016) (plaintiff could not "cure [the] generality [of puffery statements], which is what prevents them from rising to the level of materiality . . . .") (internal quotation and citation omitted). Indeed, the proposed amendment changes nothing.

Plaintiff's proposed amendment to add an allegation that Fennec expects to receive another complete response letter at the end of 2021 does nothing to resuscitate Plaintiff's falsity claims. As to the statements about commercial readiness, there is again no duty to disclose. O&R at 23. As to the statements about PEDMARK's substance manufacturer as of March, May, and August 2019, these are not rendered false by the receipt of a complete response letter over two years later in November 2021. *Id.* at 23–24. The proposed amendment cannot plead around the generality problems with the challenged statements, *id.* at 23, 26–27, nor does the receipt of a complete response letter received in November 2021 falsify risk factors issued in March 2019 and February 2020. *Id.* at 25–26.

Perhaps most importantly, the proposed amendments do not remedy the Complaint's failure to allege a strong inference of scienter, O&R at 27–31, because they

5

reveal absolutely <u>nothing about the state of mind of Defendants at the time that the challenged statements were made</u>.  O&R at 30–31.  As before, Plaintiff "does not allege that any of the confidential witnesses communicated with Defendants about their concerns with PEDMARK's substance manufacturer and does not even allege that the confidential witnesses had any connection to Defendants."  O&R at 30.  Even with Plaintiff's proposed amendments, Plaintiff would still be unable to cite a single internal document or confidential witness statement regarding Defendants' state of mind at the time the challenged statements were made, and "without [such] internal documents or statements, plaintiffs has the difficult task of establishing a countervailing, cogent inference of scienter through indirect and circumstantial allegations."  *Cozzarelli*, 549 F.3d at 626.  Again, the mere receipt of a complete response letter over a year after the end of the putative class period does not plausibly suggest that Defendants were deliberately misreporting material information or recklessly disregarding the truth: a disappointment, even a repeated one, does not constitute fraud.  *See* O&R at 29; *see also In re Genzyme Corp. Sec. Litig.*, 2012 WL 1076124, at \*11 (D. Mass. March 30, 2012) (holding that FDA's later conclusion that company had "not adequately implement[ed] . . .  corrective plans" did not make "earlier statements about the [] approval process false or misleading"), *aff'd*, 754 F.3d 31 (1st Cir. 2014).  That is particularly true where the FDA complete response letter in question was filed more than a year after the end of the class period and concerned a different new drug application than that alleged in the Complaint.

6

In sum, amendment would be futile here because the deficiencies identified in the Complaint would persist even in Plaintiff's amended pleading. *See Cozzarelli*, 549 F.3d at 630 ("[I]t is clear that amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability."); *PEC Solutions*, 418 F.3d at 391 ("Leave to amend need not be given when amendment would be futile."); *Nolte v. Capital One Fin. Corp.*, 390 F.3d 311, 317 (4th Cir. 2004) (futility exists where "proposed amendment would not have cured the deficiencies of the complaint"); *Shah*, 2013 WL 5348133, at *15 ("Plaintiffs have not suggested how a second amended complaint would address the infirmities of the first amended pleading, nor does it appear that they could.").

## CONCLUSION

The Order and Recommendation is presumed to recommend dismissal with prejudice. To the extent clarification is required, the Court should indicate that it recommends dismissal with prejudice. The Court should deny leave to file an amended complaint (Plaintiff's third) because Plaintiff's proposed amendments would be futile.

Respectfully submitted this 30th day of December 2021.

WYRICK ROBBINS YATES & PONTON LLP

By:    /s/ Lee M. Whitman
Lee M. Whitman (N.C. Bar No. 20193)
Samuel A. Slater (N.C. Bar No. 43212)
lwhitman@wyrick.com
sslater@wyrick.com
4101 Lake Boone Trail, Suite 300
Raleigh, North Carolina 27607
Telephone: (919) 781-4000
Facsimile:  (919) 781-4865

7

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

By: /s/ Gregory L. Watts
Gregory L. Watts (WA Bar No. 43995)
John C. Roberts Jr. (WA Bar No. 44945)
Tyre L. Tindall (WA Bar No. 56357)
gwatts@wsgr.com
jroberts@wsgr.com
ttindall@wsgr.com
701 Fifth Avenue, Suite 5100
Seattle, Washington 98104
Telephone: (206) 883-2500
Facsimile: (206) 883-2699

*Attorneys for Defendants Fennec Pharmaceuticals Inc., Rostislav Raykov, Robert Andrade, Chris A. Rallis, Marco Brughera, Adrian J. Haigh, Khalid Islam, and Jodi Cook*

8

# CERTIFICATE OF COMPLIANCE

Defendants, by and through the undersigned counsel, certify that this Response to Plaintiff's Motion Requesting Clarification of Order and Recommendation of United States Magistrate Judge complies with the word-count limit in LR 7.3(d)(1). The word count of the Response is 2,089 words.

This 30th day of December 2021.

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

/s/ Gregory L. Watts
Gregory L. Watts (WA Bar No. 43995)
gwatts@wsgr.com
701 Fifth Avenue, Suite 5100
Seattle, Washington 98104
Telephone: (206) 883-2500
Facsimile: (206) 883-2699

*Attorney for Defendants Fennec*
*Pharmaceuticals Inc., Rostislav Raykov,*
*Robert Andrade, Chris A. Rallis, Marco*
*Brughera, Adrian J. Haigh, Khalid Islam,*
*and Jodi Cook*

9

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a copy of the foregoing document was filed with the Court's CM/ECF system which served the same on all counsel of record.

This 30th day of December 2021.

/s/ Lee M. Whitman