| | |
|---|---|
| JIM CHAPMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FENNEC PHARMACEUTICALS INC., ROSTISLAV RAYKOV, ROBERT ANDRADE, CHRIS A. RALLIS, MARCO BRUGHERA, ADRIAN J. HAIGH, KHALID ISLAM, and JODI COOK,<br><br>Defendants. | Case No. 1:20-cv-00812-UA-JLW<br><br>CLASS ACTION<br><br>PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HIS MOTION REQUESTING CLARIFICATION OF ORDER AND RECCOMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Lead Plaintiff Daniel Malakoti ("Plaintiff") respectfully submits this reply in further support of his motion for clarification of the Order and Recommendation of United States Magistrate Judge (the "R&R") entered in the above captioned action on December 16, 2021 by United States Magistrate Judge Joe L. Webster ("Motion for Clarification") (ECF Nos. 50, 51).

Through the Motion for Clarification, Plaintiff makes a single straightforward request: that the "Court clarify [the R&R] … with respect to whether … dismissal [is] with prejudice or without prejudice with leave to amend."[1] ECF No. 50. Plaintiff seeks no other relief. Nonetheless, Defendants oppose the motion, raising three arguments: (a) dismissal with prejudice is presumed; (b) Plaintiff made no effort to comply with Federal Rule of Civil Procedure ("Rule") 15 regarding amendment; and (c) amendment would be futile.

---

[1] Unless otherwise noted, internal citations are omitted and emphasis is added throughout.

1

*See generally* Defendants' Response to Plaintiff's Motion Requesting Clarification of Order and Recommendation of United States Magistrate Judge (ECF No. 53) ("Response"). Each argument fails.

First, it is irrelevant whether there is a presumption that silent orders of dismissal are with or without prejudice. *See* Response at 1. Plaintiff is asking the Court to make an explicit holding, such that the parties need not make any presumptions as to the holding.

Second, Defendants' focus on Rule 15 is misplaced. *See* Response at 2-3. In addressing the Amended Complaint and resolving the motion to dismiss, the Court has discretion to grant dismissal with **or without** prejudice, without requiring a subsequent motion under Rule 15. *See Adams v. Sw. Va. Reg'l Jail Auth*., 524 F. App'x 899, 900 (4th Cir. 2013) ("Where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice."); *Vaitkuviene v. Syneos Health, Inc*., No. 5:18-CV-29-FL, 2021 WL 3856452, at *16 (E.D.N.C. Aug. 30, 2021) (granting motion to dismiss without prejudice and holding that "[l]ead plaintiffs are allowed opportunity to file a motion to amend their amended complaint within 21 days of the date of this order"). Indeed, in cases under the PSLRA, federal courts frequently grant motions to dismiss without prejudice and permit the plaintiffs to file an amendment within a set time frame. *See Ash v. PowerSecure Int'l, Inc*., No. 4:14-CV-92-D, 2015 WL 5444741, at *14 (E.D.N.C. Sept. 15, 2015) (granting motion to dismiss without prejudice and holding that "[i]f plaintiffs elect to amend their complaint, they shall file the amended complaint by October 16, 2015"); *Burt v. Maasberg*, No. 12-CV-0464-ELH, 2013 WL 1314160, at *38 (D. Md. Mar. 31, 2013) (granting motion to dismiss without prejudice and holding that "Plaintiffs shall have 21

days from the docketing of this Order to file an amended complaint"); *In re LexinFintech Holdings Ltd. Sec. Litig.*, No. 3:20-CV-1562-SI, 2021 WL 5530949, at \*21 (D. Or. Nov. 24, 2021) (granting motion to dismiss without prejudice and holding that "Plaintiffs may file an amended complaint within 30 days from the date of this Opinion and Order if Plaintiffs believe they can cure the deficiencies identified herein."); *Chen v. China Green Agric. Inc.*, No. 1:20-CV-09232 (MKV), 2021 WL 4481045, at \*8 (S.D.N.Y. Sept. 30, 2021) (granting motion to dismiss without prejudice and holding that "[i]f Plaintiff does not file a Second Amended Complaint on or before October 29, 2021, today's dismissal shall be with prejudice"); *In re Aurora Cannabis, Inc. Sec. Litig.*, No. CV 19-20588 (JMV) (JBC), 2021 WL 2821167, at \*16 (D.N.J. July 6, 2021) (granting motion to dismiss without prejudice and holding that "[P]laintiffs shall have thirty (30) days to file a second amended complaint, which cures the deficiencies noted herein"); *In re Carnival Corp. Sec. Litig.*, No. 1:20-CV-22202-KMM, 2021 WL 2583113, at \*18 (S.D. Fla. May 28, 2021) (granting motion to dismiss without prejudice and holding that "[s]hould Lead Plaintiffs choose to file a second amended complaint, they may do so within twenty-one (21) days of the date of this Order"); *Heavy & Gen. Laborers' v. Fifth Third Bancorp*, No. 20 C 2176, 2021 WL 1648117, at \*19 (N.D. Ill. Apr. 26, 2021) (granting motion to dismiss without prejudice and holding that "[t]he Court gives Lead Plaintiff until June 11, 2021 to file an amended complaint if it can do so consistent with Federal Rule of Civil Procedure 11 and this Opinion").[2]

---

[2] *See also In re Genzyme Corp. Sec. Litig.*, 754 F.3d 31, 47 (1st Cir. 2014) ("[W]e again make clear that the PSLRA has not modified the liberal amendment policy of Rule 15(a). More to the

Third, Defendants incorrectly argue that an amendment would be futile. Response at 3-7. Plaintiff's amendment will include new allegations developed through Plaintiff's ongoing investigation and will address the deficiencies discussed in the R&R. For example, on November 30, 2021, Fennec disclosed that it had received ***another*** complete response letter from the FDA resulting from manufacturing deficiencies at Pharmaceuticals International, Inc. ("PII"), the same problematic manufacturer addressed in the current Complaint. Plaintiff should have the opportunity to plead those new facts, as well as other facts supporting the claims for securities fraud.

Finally, Defendants' cases are inapposite. *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.* involved whether res judicata applied after a district court's dismissal with prejudice. 360 F.3d 220 (1st Cir. 2004). *Rollins v. Wackenhut Servs.* involved an appeal after the district court dismissed the plaintiff's claim with prejudice. 703 F.3d 122, 131 (D.D.C. 2012). In *Gaer v. Am. Pub. Educ., Inc.*, the court explained that only "when ***a stark absence of any suggestion*** by the plaintiffs that they have developed facts since the action was commenced which would, if true, cure the defects in the pleadings under the heightened requirements of the PSLRA, a complaint should be dismissed with prejudice." 895 F. Supp. 2d 763, 793 (N.D.W. Va. 2011).

None of those miscellaneous cases overrides the pervasive practice of federal courts permitting a plaintiff to amend a complaint, by a specified deadline, after granting a motion

---

point, we emphatically reiterate that the PSLRA does not require that orders of dismissal be with prejudice."); *Devil's Advoc., LLC v. Zurich Am. Ins. Co.*, 666 F. App'x 256, 267 (4th Cir. 2016) ("[T]he directive to grant leave to amend freely is not simply a suggestion, but rather a mandate to be heeded.").

to dismiss pursuant to the PSLRA. Nor can those cases negate the damning new evidence that Defendants continued misleading investors about the manufacturing deficiencies at PII.

For the foregoing reasons, and those stated in its motion for clarification, Plaintiff respectfully requests that this Court clarify its R&R, recommend that dismissal is without prejudice, and recommend that Plaintiff be permitted to file an amended complaint within thirty days of the Court's order.

DATED: January 13, 2022

Respectfully Submitted,

**ROCHE FREEDMAN LLP**

*/s/ Constantine P. Economides*
Constantine P. Economides
Velvel (Devin) Freedman
Ivy T. Ngo
1 SE 3rd Avenue, Suite 1240
Miami, Florida 33131
Telephone: (305) 971-5943
Email: ceconomides@rochefreedman.com
Email: vel@rochefreedman.com
Email: ingo@rochefreedman.com

*Counsel for Lead Plaintiff Daniel Malakoti and Lead Counsel for the Class*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Jay Chaudhuri
150 Fayetteville Street, Suite 980
Raleigh, NC 27601
Telephone: (919) 890-0560
Email: jchaudhuri@cohenmilstein.com

*Counsel for Lead Plaintiff Daniel Malakoti and Liaison Counsel for the Class*

5

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac forthcoming*)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*
*Daniel Malakoti*

6