UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JIM CHAPMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FENNEC PHARMACEUTICALS INC., ROSTISLAV RAYKOV, ROBERT ANDRADE, CHRIS A. RALLIS, MARCO BRUGHERA, ADRIAN J. HAIGH, KHALID ISLAM, and JODI COOK,<br><br>Defendants. | Case No. 1:20-cv-00812-UA-JLW<br><br>CLASS ACTION<br><br>PLAINTIFF'S OBJECTION TO ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Lead Plaintiff Daniel Malakoti ("Plaintiff") respectfully submits this objection to the Order and Recommendation of United States Magistrate Judge (the "R&R") entered in the above captioned action on December 16, 2021 by United States Magistrate Judge Joe L. Webster.

## INTRODUCTION

The R&R recommends dismissal with prejudice of Plaintiff's claims arising from 20 statements that were alleged to be false and misleading. In so doing, the R&R suffers from three clear errors.

*First*, the R&R ignores Plaintiff's allegations regarding Statement 1 in that: (1) Defendants had actual knowledge that Statement 1 was misleading; and (2) Fennec's boilerplate warnings did not warn investors that Fennec did not and would not have the FDA-required data to complete its NDA submission by the end of 2019, much less obtain

1

FDA approval. Specifically, Plaintiff alleges that Defendants knew or recklessly disregarded that the Company's substance manufacturer was not capable of large-scale commercial manufacturing and was in the process of being acquired and thus had no way of obtaining the FDA-required six months of stability data in time to obtain FDA approval by the end of 2019. ¶¶ 82-84.[1] And while the Company warned that "scientific data *may* not be sufficient to meet regulatory standards," it did not disclose that it had not started – and could not start – gathering the requisite six months of data. *Id.*, *see also* ¶ 112. Accordingly, Statement 1 is not protected under the PSLRA's Safe Harbor Provision ("Safe Harbor").

*Second*, the R&R mischaracterized Statement 8, ("During the quarter, we are pleased to have successfully manufactured PEDMARK and are working closely with the FDA on our rolling NDA submission.") as being about Fennec's substance manufacturing. The word "substance" appears nowhere in the Company's press release containing Statement 8. As such, the R&R's finding, that Fennec's statements about PEDMARK's substance manufacturer were not false or misleading, does not apply to Statement 8.

*Third*, the R&R improperly dismissed Plaintiff's claims with prejudice, despite Plaintiff's indication that he has discovered new evidence since the Complaint was filed. As noted in Plaintiff's Opposition to Defendants' Motion to Dismiss Consolidated Amended Complaint (ECF No. 45) ("Opposition" or "Opp."), the FDA has responded to

---

[1] Unless otherwise noted, all emphasis is added, and internal citations are omitted. Capitalized terms used, but not defined, have the meanings ascribed in the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 30) ("Complaint").

Plaintiff's Freedom of Information Act ("FOIA") requests and confirmed, among other things, that Pharmaceuticals International, Inc. ("PII") is Fennec's problematic product manufacturer that caused Fennec to receive a complete response letter ("CRL") on August 11, 2020. The FDA also revealed that PII had had three drug recalls since its prior FDA inspection. In addition, the Company disclosed on November 30, 2021, that it had received **another** CRL from the FDA resulting from manufacturing deficiencies at that **same** problematic manufacturer. Such evidence could cure the defects the R&R found in the Complaint, and thus dismissal should not be with prejudice.

As such, Plaintiff requests that the Court revise the R&R to take into account the foregoing, deny dismissal, and/or provide a date by which Plaintiff may file an amended complaint or, in the alternative, a motion for leave to amend pursuant to Federal Rule of Civil Procedure ("Rule") 15.

## STANDARD OF REVIEW

"The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court." *Newkirk v. Enzor*, 240 F. Supp. 3d 426, 431–32 (D.S.C. 2017) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). Accordingly, "[t]he Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made," and "[t]he Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge." *Id*. (citing 28 U.S.C. 636(b)(1)); *see also E.E.O.C. v. T-N-T Carports, Inc.*, No. 1:09-CV-27, 2011 WL 1769352, at \*1-\*2 (M.D.N.C. May 9, 2011) (conducting de novo review and

rejecting in full recommendation at summary judgment). "When a proper objection is made to a particular issue, 'a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate.'" *Newkirk*, 240 F. Supp. 3d at 431 (quoting *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992)).

## ARGUMENT

### A. Plaintiff adequately alleged that Statement 1 is materially misleading.

The R&R found that Statement 1 – "The Company is targeting U.S. approval of PEDMARK in the second half of 2019." – was accompanied by meaningful cautionary language and thus protected under the Safe Harbor and not actionable. R&R at 18-19. This finding ignores Plaintiff's allegations.

Under the PSLRA, "a statement of the plans and objectives of management for future operations, including plans or objectives relating to the products or services of the issuer" or "a statement of future economic performance," 15 U.S.C. § 78u–5(i)(1), will not give rise to liability if it was made without "***actual knowledge*** ... that the statement was false or misleading," *id.* § 78u–5(c)(1)(B).

Here, however, Plaintiff alleges that Defendants had actual knowledge that Statement 1 was misleading. As Plaintiff alleges, Defendants knew that Fennec did not and would not have the FDA-required stability data to submit for at least six months. ¶ 84. Specifically, they knew or should have known that the Company's substance manufacturer was not capable of large-scale commercial manufacturing and was in the process of being acquired, and thus could not even begin generating the stability data until the acquisition was complete. *Id.*, *see also* ¶¶ 82-83. Since Defendants knew Fennec had no way of

obtaining the FDA-required six months of stability data in time to obtain FDA approval by the end of 2019, Statement 1 is misleading and actionable. *See In re 2U, Inc. Sec. Class Action*, No. TDC-19-3455, 2021 WL 3418841, at \*22 (D. Md. Aug. 5, 2021) (finding forward-looking statements actionable where allegations were sufficient to show actual knowledge that his statement was materially misleading); *In re iDreamSky Tech. Ltd. Sec. Litig.*, 236 F. Supp. 3d 824, 833 (S.D.N.Y. 2017) ("Plaintiffs have pleaded enough to suggest that Defendants had actual knowledge that their statements predicting a 2014 launch date were false and misleading, thus precluding application of the PSLRA safe harbor.").

Furthermore, while Fennec lists boilerplate warnings in its press release, those warnings are not specific enough to be meaningful. The most relevant warning was that "scientific data *may* not be sufficient to meet regulatory standards," but even that warning did not disclose the *absence* of FDA-required data. Investors may have understood that data may or may not meet FDA standards, but they certainly believed that the required data was available for the FDA to review. Investors had no idea that Fennec had not started – and could not start – gathering the requisite six months of data until March 13, 2019, when Defendants disclosed the delay and a new launch date of the *second half of 2020*, causing the Company's stock price to drop over 14%. ¶¶ 6, 85, 144-45.

Finally, Plaintiff alleges that, if Defendants did not keep up the façade of being able to submit the requisite data in the first half of 2019 and obtain regulatory approval in the second half of 2019, they would not have been able to secure the $12.5 million senior debt facility in February 2019. ¶ 87; *see In re Immune Response Securities Litig.*, 375 F. Supp.

2d 983, 1023 (S.D. Cal. 2005) (finding scienter where "Defendants knowingly or recklessly made reassuring statements about the efficacy of REMUNE on secondary markers in the *absence of complete data*, and that they knew or should have known that *FDA approval, at least in the projected time frame, was highly improbable*" and that "Defendants' motive ... was *to obtain continuing financing*."

**B.  Plaintiff adequately alleged that Statement 8 was materially misleading.**

The R&R grouped Statement 8 – "During the quarter, we are pleased to have successfully manufactured PEDMARK and are working closely with the FDA on our rolling NDA submission" – with the statements about Fennec's substance manufacturing. R&R at 23-24. In other words, the R&R characterized Statement 8 as inapplicable to "product" manufacturing. This characterization is incorrect.

The Company's press release containing Statement 8 does not mention the word "substance" anywhere. *See* ECF No. 42-11. Instead, the Company announced that it had "successfully manufactured PEDMARK," indicating the Company had been able to complete the **entire** manufacturing process – i.e., including **both** substance **and** product manufacturing – for some units of PEDMARK. The distinction is critical. Completing substance manufacturing is **not** the same milestone as completing product manufacturing and yielding a final commercial product. As alleged, moreover, Defendants had **not successfully** completed product manufacturing as of the date of Statement 8, as confirmed when the Company disclosed receipt of a CRL confirming that the product manufacturer was not in compliance with cGMP. Therefore, it was misleading for Defendants to report that they had "successfully manufactured PEDMARK." Thus, the R&R's finding that

6

Fennec's statements about PEDMARK's substance manufacturer are not false or misleading do not apply to Statement 8.

**C. Plaintiff's claims should not be dismissed with prejudice.**

The R&R recommends dismissal of Plaintiff's claims with prejudice. *See* R&R at 33; Text Order entered on January 14, 2022 ("1/14/22 Order"). Under the law and facts, that recommended holding would be improper.

"'Generally, when there has been no opportunity to amend, the dismissal should be without prejudice and the plaintiff granted an opportunity to amend.'" *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, No. 19-MD-2879, 2021 WL 2407518, at *45 (D. Md. June 11, 2021) (quoting *Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013)). *See also Devil's Advoc., LLC v. Zurich Am. Ins. Co.*, 666 F. App'x 256, 267 (4th Cir. 2016) ("[T]he directive to grant leave to amend freely is not simply a suggestion, but rather a mandate to be heeded."); *In re Genzyme Corp. Sec. Litig.*, 754 F.3d 31, 47 (1st Cir. 2014) ("[W]e again make clear that the PSLRA has not modified the liberal amendment policy of Rule 15(a). More to the point, we emphatically reiterate that the PSLRA does not require that orders of dismissal be with prejudice.").

In cases under the PSLRA, therefore, courts in this circuit regularly grant motions to dismiss without prejudice and permit the filing of an amended complaint within a set time frame. *See, e.g., Ash v. PowerSecure Int'l, Inc.*, No. 4:14-CV-92-D, 2015 WL 5444741, at *14 (E.D.N.C. Sept. 15, 2015) (granting motion to dismiss without prejudice and holding that "[i]f plaintiffs elect to amend their complaint, they shall file the amended complaint by October 16, 2015"); *In re Mun. Mortg. & Equity, LLC, Sec. & Derivative*

7

*Litig.*, 876 F. Supp. 2d 616, 664 (D. Md. 2012), *aff'd sub nom. Yates v. Mun. Mortg. & Equity, LLC*, 744 F.3d 874 (4th Cir. 2014) (dismissing claims under the PSLRA and providing that "Plaintiffs may file a Second Amended Complaint by a date to be set by further Order."); *Burt v. Maasberg*, No. 12-CV-0464-ELH, 2013 WL 1314160, at *38 (D. Md. Mar. 31, 2013) (granting motion to dismiss without prejudice and holding that "Plaintiffs shall have 21 days from the docketing of this Order to file an amended complaint").

The trend is no different in cases outside this circuit. *See, e.g., In re LexinFintech Holdings Ltd. Sec. Litig.*, No. 3:20-CV-1562-SI, 2021 WL 5530949, at *21 (D. Or. Nov. 24, 2021) (granting motion to dismiss without prejudice and holding that "Plaintiffs may file an amended complaint within 30 days from the date of this Opinion and Order if Plaintiffs believe they can cure the deficiencies identified herein."); *Chen v. China Green Agric. Inc.*, No. 1:20-CV-09232 (MKV), 2021 WL 4481045, at *8 (S.D.N.Y. Sept. 30, 2021) (granting motion to dismiss without prejudice and holding that "[i]f Plaintiff does not file a Second Amended Complaint on or before October 29, 2021, today's dismissal shall be with prejudice"); *In re Aurora Cannabis, Inc. Sec. Litig.*, No. CV 19-20588 (JMV) (JBC), 2021 WL 2821167, at *16 (D.N.J. July 6, 2021) (granting motion to dismiss without prejudice and holding that "[P]laintiffs shall have thirty (30) days to file a second amended complaint, which cures the deficiencies noted herein"); *In re Carnival Corp. Sec. Litig.*, No. 1:20-CV-22202-KMM, 2021 WL 2583113, at *18 (S.D. Fla. May 28, 2021) (granting motion to dismiss without prejudice and holding that "[s]hould Lead Plaintiffs choose to file a second amended complaint, they may do so within twenty-one (21) days of the date

8

of this Order"); *Heavy & Gen. Laborers' v. Fifth Third Bancorp*, No. 20 C 2176, 2021 WL 1648117, at *19 (N.D. Ill. Apr. 26, 2021) (granting motion to dismiss without prejudice and holding that "[t]he Court gives Lead Plaintiff until June 11, 2021 to file an amended complaint if it can do so consistent with [Rule] 11 and this Opinion").

Furthermore, even where courts do not grant leave to amend, they still provide an opportunity for the plaintiff to file a Rule 15 motion to amend, including the proposed amendment as an attachment to the motion. *See e.g., Vaitkuviene v. Syneos Health, Inc.*, No. 5:18-CV-29-FL, 2021 WL 3856452, at *16 (E.D.N.C. Aug. 30, 2021) ("[L]ead plaintiffs' amended complaint is DISMISSED WITHOUT PREJUDICE. Lead plaintiffs are allowed opportunity to file a motion to amend their amended complaint within 21 days of the date of this order.").

Under this precedent, a dismissal with prejudice would be reversible error. Plaintiff has filed only a single complaint in this litigation, without the opportunity to replead after facing Defendants' arguments for dismissal.[2] Assuming the Court grants dismissal, moreover, Plaintiff believes he can correct the deficiencies set forth in the R&R.

Indeed, Plaintiff has new evidence supporting his claims. *See* Opp. at fn. 4; Plaintiff's Motion Requesting Clarification of Order and Recommendation of United States Magistrate Judge (ECF No. 51) at 4. Specifically, since the Complaint was filed on

---

[2] Although Plaintiff's Complaint was styled as an "amended" complaint, the initial complaint was filed by a separate party represented by a separate law firm on September 3, 2020. *See* Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 1). Plaintiff was appointed "Lead Plaintiff," effectively taking over the case, on December 3, 2020. *See* Order (ECF No. 25). Plaintiff then filed the Complaint, as his first pleading.

February 1, 2021, the FDA has responded to Plaintiff's FOIA requests, confirming, among other things, that PII is the problematic product manufacturer that caused Fennec to receive a CRL on August 11, 2020. The FDA also confirmed that PII has had three drug recalls since its prior FDA inspection. On November 30, 2021, moreover, the Company disclosed that it had received another CRL, again resulting from manufacturing deficiencies at PII. In light of this damning new evidence relating to what Defendants knew or should have known about PII, and showing that Defendants have continued to mislead investors about the manufacturing deficiencies at PII, any dismissal should not be with prejudice. Thus, on behalf of the investors whom Defendants damaged, Plaintiff should be permitted an additional attempt to state valid claims under the PSLRA.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully objects to the R&R and requests that any dismissal be without prejudice and with leave to file an amended complaint, or a motion to amend, within thirty days of the Court's order.

DATED: January 24, 2022          Respectfully Submitted,

**ROCHE FREEDMAN LLP**

*/s/ Ivy T. Ngo*
Ivy T. Ngo
Constantine P. Economides
Velvel (Devin) Freedman
1 SE 3rd Avenue, Suite 1240
Miami, Florida 33131
Telephone: (305) 971-5943
Emails: ingo@rochefreedman.com
        ceconomides@rochefreedman.com
        vel@rochefreedman.com

10

*Lead Counsel for the Class*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Jay Chaudhuri
150 Fayetteville Street, Suite 980
Raleigh, NC 27601
Telephone: (919) 890-0560
Email: jchaudhuri@cohenmilstein.com

*Liaison Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac forthcoming*)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*

11

## CERTIFICATE OF COMPLIANCE

Plaintiff, by and through the undersigned counsel, certify that this Plaintiff's Objection to Order and Recommendation of United States Magistrate Judge complies with the word-count limit in LR 7.3(d)(1). The word count of the Response is 2,568 words.

This 24th day of January 2022.

**ROCHE FREEDMAN LLP**

*/s/ Ivy T. Ngo*
Ivy T. Ngo
Constantine P. Economides
Velvel (Devin) Freedman
1 SE 3rd Avenue, Suite 1240
Miami, Florida 33131
Telephone: (305) 971-5943
Emails: ingo@rochefreedman.com
         ceconomides@rochefreedman.com
         vel@rochefreedman.com

*Lead Counsel for the Class*
