| | |
|---|---|
| JIM CHAPMAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FENNEC PHARMACEUTICALS INC., ROSTISLAV RAYKOV, ROBERT ANDRADE, CHRIS A. RALLIS, MARCO BRUGHERA, ADRIAN J. HAIGH, KHALID ISLAM, and JODI COOK, <br><br> Defendants. | Case No. 1:20-cv-00812-LCB-JLW <br><br> **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** <br><br> Judge Loretta Copeland Biggs <br> Magistrate Judge Joe L. Webster |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION .............................................................................................................1

ARGUMENT .....................................................................................................................3

CONCLUSION ..................................................................................................................8

i

# **TABLE OF AUTHORITIES**

**Cases**

*Alberici v. Recro Pharma, Inc.,*
 No. 18-cv-2279, 2021 WL 798299, (E.D. Pa. Mar. 1, 2021) ............................................ 7

*Ash v. PowerSecure Int'l, Inc.,*
 No. 4:14-cv-92-D, 2015 WL 5444741 (E.D.N.C. Sept. 15, 2015) .................................. 7

*Coffelt v. Kroger Co.,*
 No. 16-1471-JGB, 2017 WL 10543343 (C.D. Cal. Jan. 27, 2017) ................................. 5

*Cohen v. Gruber,*
 No. 18-cv-2476-ELH, 2020 WL 1701721 (D. Md. Apr. 8, 2020) .................................. 3

*Daniels-Hall v. Nat'l Educ. Ass'n*,
 629 F.3d 992 (9th Cir. 2010) .......................................................................................... 5

*Gerritsen v. Warner Bros. Ent. Inc.,*
 112 F. Supp. 3d 1011 (C.D. Cal. 2015) ......................................................................... 5

*Goldfarb v. Mayor & City Council of Baltimore,*
 791 F.3d 500 (4th Cir. 2015) ......................................................................................... 3

*Hall v. Johnson & Johnson*,
 No. 18-cv-1833- FLW, 2019 WL 7207491 (D.N.J. Dec. 27, 2019) .............................. 6

*Hirtenstein v. Cempra, Inc.,*
 348 F. Supp. 3d 530 (M.D.N.C. 2018), *aff'd sub nom. Janies v. Cempra, Inc.,* 816 F.
 App'x 747 (4th Cir. 2020) .......................................................................................... 3, 4, 6

*In re Amarin Corp. PLC Sec. Litig.,*
 No. 19-cv-06601 (BRM) (TJB), 2021 WL 1171669 (D.N.J. Mar. 29, 2021), *aff'd,* No.
 21-2071, 2022 WL 2128560 (3d Cir. June 14, 2022) .................................................... 5

*In re Amgen Inc. Sec. Litig.,*
 544 F. Supp. 2d 1009 (C.D. Cal. 2008) ......................................................................... 5

*In re Human Genome Sciences Inc. Sec. Litig.,*
 933 F. Supp. 2d 751 (D. Md. 2013) ............................................................................... 7

*In re PTC Therapeutics, Inc. Sec. Litig.,*
 No. 16-cv-1124 (KM) (MAH), 2017 WL 3705801 (D.N.J. Aug. 28, 2017) ................. 6

*Johnson v. Pozen Inc.,*
 No. 1:07-cv-599, 2009 WL 426235, (M.D.N.C. Feb. 19, 2009) ................................... 4

*Khoja v. Orexigen Therapeutics, Inc.,*
 899 F.3d 988 (9th Cir. 2018) *cert. denied sub nom. Hagan v. Khoja,* 139 S. Ct. 2615
 (2019) ......................................................................................................................... 3, 4, 7

*Metague v. Woodbolt Distribution, LLC,*
No. 20-cv-02186-PX, 2021 WL 2457153, (D. Md. June 16, 2021) ............................ 4

*Ohio Valley Envtl. Coal. v. Aracoma Coal Co.,*
556 F.3d 177 (4th Cir. 2009) ................................................................................. 4

*Plymouth Cnty. Ret. Ass'n v. Primo Water Corp.,*
966 F. Supp. 2d 525 (M.D.N.C. 2013) ................................................................. 6

*Schueneman v. Arena Pharm., Inc.,*
840 F.3d 698 (9th Cir. 2016) ................................................................................ 7

*Sierra Club v. United States Env't Prot. Agency*,
964 F.3d 882 (10th Cir. 2020) .............................................................................. 5

*Straw v. North Carolina,*
No. 7:18-cv-00074, 2020 WL 1042141, (E.D.N.C. Mar. 3, 2020), *aff'd,* 813 F. App'x
106 (4th Cir. 2020) .......................................................................................... 3, 4

*Tomaszewski v. Trevena, Inc.,*
482 F. Supp. 3d 317 (E.D. Pa. 2020) .................................................................. 7

*Twumasi-Ankrah v. Checkr, Inc.,*
954 F.3d 938 (6th Cir. 2020) ................................................................................ 5

*United States v. Garcia*,
855 F.3d 615(4th Cir. 2017) ................................................................................. 4

*United States v. Townsend,*
886 F.3d 441 (4th Cir. 2018) ............................................................................... 6

## Other Authorities

Fed. R. Evid. 201(a), Advisory Committee Note ............................................................ 3

Fed. R. Evid. 201(b)(1)-(2) ............................................................................................. 3

Lead Plaintiff Daniel Malakoti ("Plaintiff") respectfully submits this Response in Opposition to Defendants' Request for Judicial Notice and supporting documents (ECF Nos. 66-68), submitted by Fennec Pharmaceuticals Inc. (the "Company" or "Fennec"), Rostislav Raykov, Robert Andrade, Chris A. Rallis, Marco Brughera, Adrian J. Haigh, Khalid Islam, and Jodi Cook (collectively, "Defendants").[1]

## **INTRODUCTION**

Defendants seek judicial notice of a September 20, 2022 announcement on the U.S. Food and Drug Administration's ("FDA") website titled, "FDA approves sodium thiosulfate to reduce the risk of ototoxicity associated with cisplatin in pediatric patients with localized, non-metastatic solid tumors" (the "Announcement").[2] They argue that this post-Class Period Announcement of FDA approval of PEDMARK™ (sodium thiosulfate), based upon Fennec's third submission of its New Drug Application ("NDA"), is relevant to the Court's evaluation of Plaintiff's Motion for Post Judgment Relief to Amend the Complaint ("Motion") (ECF No. 59). *See* ECF No. 67, at 4. Defendants are wrong.

Critically, Plaintiff's Motion alleges that, during the Class Period (December 20, 2018 to November 28, 2021), Defendants violated the federal securities laws by preparing, approving and/or disseminating false and misleading statements, and/or failed to disclose

---

[1] Unless otherwise noted, capitalized terms have the meanings ascribed in Plaintiff's proposed Consolidated Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("SAC") (ECF No. 61-2); all emphasis is added; and internal citations are omitted.

[2] *See* U.S. Food & Drug Administration | *Oncology (Cancer) / Hematologic Malignancies Approval Notifications*, https://www.fda.gov/drugs/resources-information-approved-drugs/oncology-cancer-hematologic-malignancies-approval-notifications (last accessed Oct. 12, 2022) (attached hereto as Exhibit 1).

material facts, relating to: (i) Fennec's failure to implement and oversee proper controls relating to the manufacturing and commercialization of PEDMARK; (ii) known or recklessly disregarded manufacturing deficiencies; and (iii) Fennec's misallocation of funds to executive compensation as opposed to Research and Development ("R&D") expenses and manufacturing; resulting in, (iv) Fennec's delayed submission of the NDA in March 2019; the FDA's denial of the *first* NDA submission in August 2020; and the FDA's denial of the *second* NDA submission in November 2021. *See* ECF No. 60, at 8-13. The Company's *third* submission of the PEDMARK NDA did not occur until March 24, 2022—nearly four months <u>after</u> the end of the proposed Class Period.[3] Indeed, Defendants acknowledge that "Fennec's previously unsuccessful attempts to secure FDA approval form the basis of [ ] Plaintiff's claim[s]" (ECF No. 67 at 4), <u>not</u> its post-Class Period submission of the PEDMARK NDA and subsequent FDA approval, which is the subject of the Announcement Defendants now seek judicial notice of.

While it is undisputed that the Court may take judicial notice of government webpages, it cannot take judicial notice of disputed facts contained in such public records. Indeed, Defendants fail to recognize that the Announcement falls outside the Class Period and presents facts that are irrelevant to the Court's resolution of Plaintiff's Motion. Accordingly, Defendants' Request for Judicial Notice should be denied.[4]

---

[3] *See* Fennec Pharmaceuticals Inc., Form 8-K (Mar. 24, 2022): https://www.sec.gov/ix?doc=/Archives/edgar/data/0001211583/000110465922037426/tm2210369_8k.htm (last accessed Oct. 13, 2022) (attached hereto as Exhibit 2).

[4] Plaintiff relies on the Preliminary Statement set forth in his Memorandum of Law in Support of his Motion. ECF No. 60 at 1-5.

2

Pursuant to Rule 201 of the Federal Rules of Evidence, a court may take notice of "an adjudicative fact if it is 'not subject to reasonable dispute.'" *Hirtenstein v. Cempra, Inc.,* 348 F. Supp. 3d 530, 550 (M.D.N.C. 2018), *aff'd sub nom. Janies v. Cempra, Inc.,* 816 F. App'x 747 (4th Cir. 2020) (quoting *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1000 (9th Cir. 2018) *cert. denied sub nom. Hagan v. Khoja,* 139 S. Ct. 2615 (2019) (internal citations omitted)). "Adjudicative facts 'are simply ***the facts of the particular case.***'" *Cohen v. Gruber,* No. 18-cv-2476-ELH, 2020 WL 1701721, at \*2 (D. Md. Apr. 8, 2020) (quoting Fed. R. Evid. 201(a), Advisory Committee Note). An adjudicative fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

While the FDA's website generally qualifies as a "source[ ] whose accuracy cannot reasonably be questioned[,]" accuracy is only part of the inquiry under Rule 201(b). *See Straw v. North Carolina,* No. 7:18-cv-00074, 2020 WL 1042141, at \*7 (E.D.N.C. Mar. 3, 2020), *aff'd,* 813 F. App'x 106 (4th Cir. 2020) ("[C]ourts may properly take judicial notice of information on state and federal government websites and frequently do.… However, 'judicial notice must not be used as an expedient for courts to consider matters beyond the pleadings and thereby upset the procedural rights of litigants to present evidence on disputed matters.'" (quoting *Goldfarb v. Mayor & City Council of Baltimore,* 791 F.3d 500, 511 (4th Cir. 2015)). "A court must also consider—and identify—which fact or facts it is noticing from such a [website]. Just because the document itself is susceptible to

3

judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. Indeed, "the Fourth Circuit has declined to judicially notice documents when '[t]he parties clearly and reasonably disagree about the meaning to be ascribed to' them." *Straw*, 2020 WL 1042141, at *7 (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.,* 556 F.3d 177, 216 (4th Cir. 2009)).

"Within the context of securities fraud actions, courts routinely take judicial notice of publicly available documents that discuss the subject of the case, particularly in cases such as this where there are allegations of fraud on the market." *Hirtenstein*, 348 F. Supp. 3d at 550; *see e.g., Johnson v. Pozen Inc*., No. 1:07-cv-599, 2009 WL 426235, at *2 (M.D.N.C. Feb. 19, 2009), (acknowledging that "in securities fraud cases courts routinely take judicial notice of newspaper articles, analysts reports, and press releases in order to assess what the market knew at particular points in time") (collecting cases), *report and recommendation adopted*, 2009 WL 10680297 (M.D.N.C. Sept. 29, 2009). Therefore, judicial notice, here, would be appropriate *if* the Announcement was published during the Class Period—it was not—and *if* the Announcement reflected market knowledge of information that had allegedly been withheld—it does not. As such, Defendants' Request for Judicial Notice reflects a fundamental misapplication of Rule 201.[5]

---

[5] The cases cited by Defendants are inapposite to the facts here. *See United States v. Garcia*, 855 F.3d 615, 621-22 (4th Cir. 2017), *overruled on other grounds* (The Fourth Circuit concluded that the district court did not err in its conviction of unlawful procurement of naturalization when it took "judicial notice of the *facts* contained on the [U.S. Citizenship and Immigration Services'] website, not any *interpretation* of what constitutes a naturalization interview.") (emphasis in original); *Metague v. Woodbolt Distribution, LLC,* No. 20-cv-02186-PX, 2021 WL 2457153, at *2 (D. Md. June 16, 2021) (taking judicial

Plaintiff's Motion alleges that, during the Class Period, Defendants made substantive and materially misleading statements regarding Fennec's R&D expenses and manufacturing deficiencies of which they knew or recklessly disregarded. *See* ECF No. 60, at 8-13. As a result, the Company delayed its first submission of the PEDMARK NDA in March 2020; after the NDA was finally submitted, it received a CRL from the FDA in August 2020; and in response to the Company's second attempt at submitting an adequate NDA for PEDMARK, it received yet another CRL in November 2021. *See id.*

After the Class Period ended, Fennec submitted its third NDA for PEDMARK on March 24, 2022, which received FDA approval in September 2022. *See* Ex. 2; ECF No.

---

notice of the labeling guidance and examples published on the FDA's website, which were *referenced in the amended complaint*); *In re Amarin Corp. PLC Sec. Litig.,* No. 19-cv-06601 (BRM) (TJB), 2021 WL 1171669, at *11 (D.N.J. Mar. 29, 2021), *aff'd,* No. 21-2071, 2022 WL 2128560 (3d Cir. June 14, 2022) (finding "that the [challenged] exhibit [ ] created after the class period closed does not appear to render the document irrelevant on its own," and because *plaintiff did not dispute* the relevancy of the post-class period FDA approved drug label, the facts contained therein, "[we]re not subject to reasonable dispute"); *Twumasi-Ankrah v. Checkr, Inc.,* 954 F.3d 938, 947 (6th Cir. 2020) (dissent accepted the district court's judicial notice of facts *publicly available at the time of complaint*); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99, 1001-02 (9th Cir. 2010) (taking judicial notice of information made publicly available by government entities and *incorporated in the complaint*); *Sierra Club v. United States Env't Prot. Agency*, 964 F.3d 882, 890, 892-93 (10th Cir. 2020) (taking judicial notice of an EPA guidance *published on its website at least 6 years prior* to the alleged conduct at issue in the case); *Coffelt v. Kroger Co.,* No. 16-1471-JGB, 2017 WL 10543343, at *1-*2 (C.D. Cal. Jan. 27, 2017) (taking judicial notice of webpages on the FDA and CDC websites discussing particular facts *alleged in the complaint*); *In re Amgen Inc. Sec. Litig.,* 544 F. Supp. 2d 1009, 1023-24 (C.D. Cal. 2008) (taking judicial notice of 11 exhibits: (i) nine exhibits *either referenced or quoted in the amended complaint*; (ii) one analyst report *issued during the class period* and "submitted to establish whether and when certain information was provided to the market, not the truth of the matters asserted in the reports"; and (iii) one report showing the company defendant's daily *stock price during the class period*); *Gerritsen v. Warner Bros. Ent. Inc.,* 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (taking judicial notice of business entity profiles available on government website).

68-1. Therefore, during the Class Period, Plaintiff, other Class members, and the rest of the market had no way of knowing that Fennec would need to complete a third NDA submission or that the FDA would not approve PEDMARK until its receipt and review of that third NDA. Likewise, the Announcement was not published until September 20, 2022—nearly one year after the end of the proposed Class Period. *See* Ex. 1.

Consequently, the Announcement is irrelevant and unnecessary to the Court's resolution of Plaintiff's Motion. *See Plymouth Cnty. Ret. Ass'n v. Primo Water Corp.,* 966 F. Supp. 2d 525, 537 (M.D.N.C. 2013) (declining to consider challenged exhibits that were unnecessary to the court's resolution of the pending motion in a securities fraud case); *see also Hall v. Johnson & Johnson*, No. 18-cv-1833- FLW, 2019 WL 7207491, at *10 (D.N.J. Dec. 27, 2019) (declining judicial notice, finding that, "[a]lthough statements from government entities are typically appropriate for judicial notice, Exhibit 3 was issued on March 5, 2019, three months after the close of the Class Period. Thus, it arguably has minimal relevance to the claims at issue" and "Exhibit 4 . . . also appears to post-date the Class Period."); *In re PTC Therapeutics, Inc. Sec. Litig.*, No. 16-cv-1124 (KM) (MAH), 2017 WL 3705801, at *3 n.5 (D.N.J. Aug. 28, 2017) (declining to take judicial notice of post-class period public documents because "their relevance to the issues here – *e.g.,* what was known to PTC at the time it made the alleged misstatements – is quite low").[6]

---

[6] Even if the Court were to take judicial notice of the Announcement, it may not do so for the truth of the facts therein. If the "contents of documents subject to judicial notice are disputed, the court can consider the fact of their publication (if publication is not disputed), but not the truth or falsity of their contents." *Hirtenstein*, 348 F. Supp. 3d at 550 (citing *United States v. Townsend,* 886 F.3d 441, 444 (4th Cir. 2018), and *Khoja,* 899 F.3d at

6

Moreover, FDA approval does not compel denial of Plaintiff's Motion. Again, Plaintiff's claims are ***not*** about Defendants' prognostication of the agency's approval of PEDMARK. Plaintiff's Motion and the allegations set forth in the SAC center on Defendants' concealment of manufacturing deficiencies and misleading statements regarding R&D expenses – resulting in FDA denial of Fennec's first and second submissions of the PEDMARK NDA – and Defendants' scienter – including but not limited to, their decision at allocate more than 17% of the Company's funds to executive compensation instead of spending sufficient funds to ensure that its manufacturers met cGMP standards. *See, e.g., Alberici v. Recro Pharma, Inc.,* No. 18-cv-2279, 2021 WL 798299, at *8 (E.D. Pa. Mar. 1, 2021) ("Defendants focus on the approval as if Plaintiff's claims arise solely out of the FDA's approval or denial of the drug. This is incorrect…The FDA's actions in 2020 do not obviate Plaintiff's allegations regarding 2017 or 2018, nor do they render any allegedly false statements from that time true."); *see also Tomaszewski v. Trevena, Inc.,* 482 F. Supp. 3d 317, 334 n.100 (E.D. Pa. 2020) (holding that FDA approval on an amended NDA after the class period ended "has no bearing on Plaintiffs' allegation that during the class period Defendants deceived investors."); *Schueneman v. Arena Pharm., Inc.,* 840 F.3d 698, 703, 710 (9th Cir. 2016) (finding that

---

1000); *see e.g., Ash v. PowerSecure Int'l, Inc.,* No. 4:14-cv-92-D, 2015 WL 5444741, at *4 (E.D.N.C. Sept. 15, 2015) ("Courts may take judicial notice of SEC filings, historical stock prices, and analyst reports for the purpose of determining disclosure or market knowledge, but not for the truth of the matters asserted in the reports."); *In re Human Genome Sciences Inc. Sec. Litig.,* 933 F. Supp. 2d 751, 758 (D. Md. 2013) (finding it appropriate to take judicial notice of press release to establish the date of public notice rather than the truth of the matter asserted).

defendants misled investors about the risks related to approval during the class period, despite the drug's approval post-class period).

<strong><u>CONCLUSION</u></strong>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Request for Judicial Notice.

DATED: October 18, 2022

Respectfully Submitted,

**ROCHE FREEDMAN LLP**

*/s/ Ivy T. Ngo*
Ivy T. Ngo
Velvel (Devin) Freedman
Constantine P. Economides
1 SE 3rd Ave., Suite 1240
Miami, Florida 33131
(T): (786) 924-2900
ingo@rochefreedman.com
vel@rochefreedman.com
ceconomides@rochefreedman.com

Eric Rosen
99 Park Avenue, 19th Floor
New York, NY 10016
(T): (646) 350-0527
erosen@rochefreedman.com

*Counsel for Lead Plaintiff and Lead Counsel for the Class*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Jay Chaudhuri
150 Fayetteville St., Suite 980
Raleigh, NC 27601
(T): (919) 890-0560
jchaudhuri@cohenmilstein.com

*Counsel for Lead Plaintiff and Liaison Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac vice* forthcoming)
1880 Century Park East, Suite 404
Los Angeles, CA 90067

8

(T): (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*

9

## CERTIFICATE OF COMPLIANCE

Plaintiff, by and through undersigned counsel, certifies that this Opposition to Defendants' Request for Judicial Notice complies with the word-count limit in LR 7.3(d)(1). The word count of this Response is 2,277 words.

This 18th day of October 2022.

*/s/ Ivy T. Ngo*
Ivy T. Ngo

10

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a copy of the foregoing document was filed with the Court's CM/ECF system which served the same on all counsel of record.

This 18th day of October 2022.

/s/ Ivy T. Ngo
Ivy T. Ngo

11

Case 1:20-cv-00812-LCB-JLW    Document 70    Filed 10/18/22    Page 15 of 15